I am Jonathan Woodman on behalf of the State of Alaska and the Alaska Air National Guard. I would like to reserve two minutes for rebuttal. The issue in this case is whether or not a federal court has jurisdiction regarding the who was killed in the crash of a federal aircraft flown by a federal employee on a federal mission at a federal military base. The Air National Guard submits that the first basis for jurisdiction for the federal courts is that the Air National Guard itself is a hybrid federal and state entity that is entitled to have its issues heard before a federal court. Well let's get right down to the issue that we asked you to be prepared to address which is that removal in this case was pursuant to 1442A1 and not 2679D2. What difference does it make, if any, under the Osborne case? Your Honor, the Air National Guard submits that it does not make a difference in this case. It's really in this instance an accident of timing. There's no question that certification was going to take place. There's no difference between a D1 and D2 certification. The question is whether or not the employee was a federal employee acting within the scope of federal employment. The issue is timing. D1 addresses when a certification occurs while the case is in federal court. D2 when the case is in state court. In the instance of this case, the federal government may have chosen to certify while the case was still in state court under D2 and then remove. Instead, the United States chose to remove under 1442 and then certify. The order in which those occur should not make a difference as to whether or not jurisdiction is appropriate in the federal court. Your point is it doesn't matter when the certification was filed. Once it was filed, federal jurisdiction became mandatory. That is the argument, Your Honor. Thank you. That comports with the elements of 2679 D2. D2 requires that there's a certification by the Attorney General that the employee was a federal employee acting in the scope of federal employment at the time of the incident. That has occurred in this case. It also references whether or not the case was commenced in state court, which this case was. Then the law says that the case must be removed to federal court, which this case was. And the final element says that the United States will then substitute for the employee defendant, which the United States did. All those elements being present, then the final sentence of that section of the statute requires that the Attorney General's certification is dispositive for purposes of removal. Well, it's an accident of timing, you say, and it doesn't really matter. But doesn't that still leave a defective jurisdictional allegation that needs to be fixed? It could be amended under 1652. Jurisdictional allegations or defective jurisdictional allegations can be fixed even at the appellate level. But there's still a defect in allegation there, I think. I'm not sure I understand the question, Your Honor. The way that I read the statute, that because this case was commenced in state court, 2679D2 would still apply, and there has been a certification. Are you familiar with the Thompson case, a case out of the Third Circuit involving fairly similar facts with the removal under 1442A1 instead of 2679D2? And there the Third Circuit thought that there was a defective jurisdictional allegation because removal wasn't under 2679, but allow an amendment of that. That's why I asked the question. I am sorry, Your Honor, I'm not familiar with the Thompson case. Going back to the Osborne case, even the language of Osborne draws attention and distinction not between cases which are removed under D1 or D2, but instead between cases that are certified or not certified. In Section 2B of the Osborne case, the Supreme Court drew a distinction between cases in which the Attorney General chooses not to certify under Section D3. Those cases may still be removed to federal court upon motion of the employee seeking certification. But if the federal court denies the certification sought by the employee under D3, then those cases must be remanded to state court. And the language of Osborne in Part 2B draws that distinction between those cases which are certified by the Attorney General and those which are not. Could you please, in just the simplest language you know how to use, tell us why we need to now send this case to the state court? I would argue that we should not send the case to the state court, Your Honor. Why we should not? A case involving federal employees flying a federal aircraft on a federal mission for the United States Air Force is a case that belongs in federal court. The issues of federal law are significant and involves military decisions. This is a case that belongs to anywhere in the federal court system. Does it make any difference to our analysis that the federal defendants were third-party defendants? Well, that was the choice of the plaintiff, Your Honor. The plaintiff had the opportunity to bring those parties into the case and chose not to do so and said suit only the state of Alaska and its Alaska Air National Guard. All right. Is there an Article III subject matter jurisdiction or other constitutional problem with a federal court hearing a case against a state brought by one of its own citizens? Not that I see, Your Honor. Looking at the language of Osborne in Section, I believe it's 2C in that case, the court addressed the issue of Article III and whether there were any concerns about Article III. And what the court determined was that once the case had been removed to federal court appropriately, that a court has the discretion to exercise jurisdiction over the case and that having discretion to exercise jurisdiction, then the mandatory jurisdiction required under the statute did not offend Article III and that there wasn't an Article III problem with having such a case continue in federal court. Tell me what's happening with the case right now because if I recall correctly from the record, the revamp was granted a little over a year ago. That is correct, Your Honor. So has anything happened with the case in state court? Is litigation progressing as this appeal moves forward? No, Your Honor. The parties agreed with the state court to stay the action in state court until this court reaches a determination regarding federal court jurisdiction. Another basis, well, the argument raised earlier about the Alaska Air National Guard being a hybrid federal state entity still applies, excuse me, that as cited in the Lipscomb case out of the Fifth Circuit, in that instance the Air National Guard of Mississippi attempted to avoid federal court jurisdiction and there the court found that despite arguments by that state Air National Guard that it should not be deemed a federal entity, the court found that nonetheless it was a federal entity and was subject to jurisdiction in the federal courts. We believe that the same argument applies in this case and that the Alaska Air National Guard should be found to be a federal entity for purposes of federal court jurisdiction. Beyond that, it's also appropriate for the court to exercise, if neither of those first two arguments applies, then for the court to apply supplemental jurisdiction based on the overwhelming federal law issues that are involved in this case, including the fact that there are these federal employees who are flying the aircraft, all of the members aboard the aircraft are federal employees, it was a federal aircraft on a federal mission, and also plaintiff's argument that the operation of the flight was governed by Air Force regulations, which are clearly federal in nature. I would think, and maybe I'm wrong, that normally in these type of cases with the two different jurisdictional hooks, 1442 and 2679, that the government would remove under both or, if anything, rely on 2679. Do you know why that wasn't done in this case? The only thing I can imagine, Your Honors. Was it an inadvertent thing or strategic call? I just don't understand it. I'm not sure that the United States is often faced with a case in which it is named as a party in addition to the employees. I think in most cases it's just the employees who are named as defendants, and therefore it's up to the United States to come in and certify first and substitute in order to get the case up to federal court. In this instance, because the United States was named as a party in the third-party fault allocation complaint, the United States had the ability to remove the case to federal court immediately before an answer was due in state court, and then undertake whatever necessary review it needed to do in order for the Attorney General's designee to certify that the three pilots were in fact federal employees in the scope of their federal employment. So you're saying that the certification has to be done before 2679 can be relied on as a basis for removal? Yes, I believe so, Your Honor. The 2679 requires that the Attorney General certify that the defendant is a federal employee in the scope of federal employment. And without that certification, I'm not sure that the case can be removed. And in this instance, the United States was able to remove before needing to make that investigation and determination that certification was appropriate. All right. Anything further to that? No, Your Honor. Thank you. Good morning, Your Honors. Colleen Libby on behalf of Theresa Dayton. I respectfully disagree with my colleague's arguments. In this case, the plaintiff filed a state tort claim based on a specific Alaska statute that provides that military service members can bring a claim for wrongful death related to military service if there's intentional misconduct by the employee in the course and scope of employment. The guard is a state entity. The guard isn't a party in this case, and I noticed that counsel indicated it represents the guard, but we've only sued the state of Alaska. It's undisputed that the government did certify under the Westfall Act, right? So they've certified it. The government removed pursuant to 1442, as the court has noted, and they filed a Westfall Act certification that the employees were in the course and scope of their federal employment, and we don't dispute that. We're arguing that under Alaska state law, you can also be a borrowed servant in the course and scope of state employment, and there's liability for that, and we have state common law to support that, and we have the statute which allows military members to sue for things during military service. Counsel, how can we ignore the clear and mandatory language of the Westfall Act? Didn't the Attorney General certification conclusively determine that this case proceeds in a federal forum? The Westfall Act only, the certification only establishes course and scope for purposes of removal, so the district court judge couldn't have said, I don't agree with the removal. He was in the course and scope of state law and sent it back. He couldn't do that, but the district court judge, in this case you can accept the course and scope federal certification, but there's still an independent state tort claim, and quite frankly, I don't know why the state of Alaska doesn't want to have this case in state court. It's based on a state statute and state common law, and I disagree with the arguments that this was a federal mission with a purely federal employee. But under Osborne v. Haley, certification under 2679 precludes a remand. So what's different in this case? It only precludes a remand with regard to, it doesn't preclude a remand. It actually says in Osborne that if the course and scope issue is resolved, the trial court can actually decide to keep jurisdiction, retain jurisdiction, or send it back, and that's in the opinion. Factually, the claims were decided as outside course and scope. The trial court could send it back, and that's in the Osborne case. And another important thing with regard to the Westfall Act is that cases under the Westfall Act are also, the statute says that they'll proceed in the manner pursuant to 28 U.S.C. 1346B, which is the original jurisdiction statute. In this case, the trial court found I don't have original jurisdiction anymore, and so I'm going to exercise 1367 and send it back to state court. An important thing here is the defendant or the plaintiff, the defendant has indicated that Dayton should have sued the United States and these individual pilots, and we failed to do that. No, we cannot sue the United States in state court. The Federal Tort Claims Act bars it, and the defendant shouldn't have done it either. And the claims against the U.S. government are subject to dismissal immediately under FERI. So there would be no good faith basis for me as counsel to file claims against the United States and the individual pilots. Tell me what you see as this precise, narrow issue that's before us today. How do you recite the issue? The narrow issue before the court today is whether or not if the state, if a state citizen has sued the state of Alaska based on a state statute and state common law, can the trial court remand, exercise its discretion and remand to the district court if it has no other claims raised in the lawsuit? And there are no claims pending anymore in the lawsuit except for our purely state law claims. And the district court was careful and reviewed the Westfall Act but said, you know, here we have a theory of liability that's based on course and scope state law at the same time as the federal employee course and scope issue is happening. But the case can still go back to the state court. Ultimately here, I'm sure there could be disputes over the interpretation of the state statute and state common law borrowed servant doctrine. And the Alaska Supreme Court should decide those issues. There's critical state law issues. I don't even know if there's another state that has a statute that lets a guardsman sue another guardsman. But our state has decided we can do that. And under the, if the court reverses the remand, then in the future, this statute that has been passed could be, it's almost meaningless because, you know, I, a plaintiff can only sue in state court, the state of Alaska. But the state of Alaska is saying, well, we can sue the federal government and get these cases in federal court and then we can immediately, they non-oppose dismissal of their own lawsuit. But what do you do with 28 U.S.C.A. 2679 Section D1? Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in the United States District Court shall be deemed an action against the United States under the provision of this title and all references thereto and the United States shall be substituted as the party defendant. And then it goes on to say, this certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal, et cetera. I mean, why isn't that mandatory? I, well, first of all, it provides that the cause of action, the U.S. shall be substituted in place of the individual defendants and that's to protect the individual defendants and that happened here. But now the U.S. has been dismissed as a party to this lawsuit. They're not in the lawsuit anymore. They're not participating in the appeal in any manner and all their claims are out of the case. So it's not a situation where the U.S. is even in the lawsuit anymore where that mandatory language would come into play. And the statute does say that the mandatory, the certification is only for purposes of removal. So it's, there's definitely, you know, significant language in the Osborne case that suggests that you can never remand it back. But that was analyzing whether or not the certification was proper. Here we have a certification that took place. All claims against the United States took the place of the names of the individual defendants. The U.S. has been dismissed from the case entirely and the state of Alaska still wants to keep the state, the case in federal court. And it's our position there's no subject matter jurisdiction even more, but even if there were, the district court can exercise its discretion to remand it back in this narrow set of circumstances where we have only state law tort claims based on statute and common law. It appears to me that it, you know, legally it needs to be sent back to state court and remain there. And I would, well, the bottom line is it was removed pursuant to 1442 and it can just be sent back under 1367. Or the bottom line is the certification only binds the case for purposes of removal and since the United States has been dismissed from the lawsuit, it's returned to its original form and it should go back to state court. And I don't think that such a holding in this case would contradict the Osborne case because that case didn't deal with a situation where there was a dismissal of the United States. It didn't deal with a situation where there was a dispute over the course and scope. It was only analyzing whether the certification, whether the district court judge could reject the certification of the course and scope and send it back without even deciding that. And I do think it's clear in the case that ultimately a district court can remand a case back after they decide the course and scope issue in federal court. And that's articulated in the Osborne opinion as well. And I would like to point out that the removal notice filed by the United States government says that the Alaska National Guard, these deaths occurred during the course of Alaska National Guard training flight. It doesn't say it was during a federal flight. It wasn't a federal mission. But more importantly, we haven't even done discovery on the pure, all the facts of the borrowed servant, you know, state course and scope issue. But there's plenty in the record to indicate that these were Guard employees. They were controlled by the pilot. It was controlled by the Guard and it was a Guard flight. And it had a Guard call sign. All those things are in the record. And I would respectfully request that the district court be affirmed. If the court has no further questions. Your Honors. So what about that, counsel? Federal government's out. There's no federal jurisdictional hook any longer. It's a solely state law claim against the state of Alaska. And the district judge says, yes, I know there was a Westfall Act certification. I've dismissed the federal defendants. So now there are only state law tort claims left. I think you belong in state court. Removal in this case wasn't pursuant to the proper statute. What's wrong with that? You belong in state court and then you'll get your day in court there. Well, Your Honor, again, we believe that the issues involving federal law should be decided by a federal court. And we do believe that there are significant issues of federal law in this case that need to be decided by a federal court. What's the issue of federal law? What claims are left that would involve federal law analysis? Well, as I pointed out earlier in my argument, the numerous allegations regarding Air Force regulations that apply to members of the military, plaintiff in their complaint alleges were imposed upon these pilots by the United States Air Force. Those are issues that I think if they're going to raise that kind of claim, which is essentially a negligence per se claim regarding those regulations, then that is something that needs to be decided in the jurisdiction where those regulations are promulgated from, namely the federal court. But even though the United States is no longer in the picture here, is the fact that we're dealing with a federal court, does that give subject matter jurisdiction? Well, Your Honor, if I can hark back to Osborne, and that was something that the Osborne court made quite clear, I think, and this may be a point where my colleague and I disagree, that there's numerous places within that decision where the court made it clear that upon certification there is a one-way shuttle to federal court and that the court recognized that there were competing anti-shuttling provisions in federal law and that in this instance, when there's been Westfall Act certification, that the court found that the shuttle must go from state court to federal court and cases can never be remanded to state court. I'm looking at Osborne on page 895 and it says, there is nothing equivocal about 2679-D2's provision that once a state court action has been removed to a federal court after a certification by the Attorney General, it may never be remanded to the state system. What does it make sense when the United States has been removed? I understand that and obviously the state cited some cases in its briefs where this same issue faced other courts and they felt that there was no choice left to them under the express language of Osborne but to maintain jurisdiction over those cases. One reason is, as my colleague has suggested, that she feels that certification has only answered the question about removal and about substitution by the United States but still questions whether or not these were actually federal employees and whether they were actually engaged in federal employment at the time of the accident.  The law is clear that when it comes to those decisions, those decisions should be made by a federal court as to whether or not someone is acting in the scope of federal employment. Alright, thank you very much. The matter is submitted for decision by this court. Our final matter on the calendar for this morning is Alaska Community Action on Toxics and Alaska Chapter of the Sierra Club versus Aurora Energy Services, case number 13-35709. Alaska Community Action on Toxics and Alaska Chapter of the Sierra Club
judges: FARRIS, NELSON, NGUYEN